Filed 9/23/13  P. v. Chavez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B247623 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA399303) |
| v. | |
| JOSE ANDREA CHAVEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William N. Sterling, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant Jose Andrea Chavez, armed with a baseball bat, entered three fast food restaurants, threatened on-duty employees, and attempted to break open numerous cash registers. Los Angeles Police Department officers arrested Chavez, who was charged by information with one count of second degree robbery (Pen. Code, § 211)[1] and two counts of attempted second degree robbery (§§ 211, 664) with special allegations he had used a deadly and dangerous weapon to commit the attempted robberies (§ 12022, subd. (b)(1); counts 2 & 3). Represented by counsel, Chavez pleaded not guilty to the charges and denied the special allegations.

At a pretrial conference on August 29, 2012 the trial court declared a doubt about Chavez's mental competence under section 1368. The court suspended criminal proceedings and ordered an examination of Chavez by a court-appointed mental health expert. At a hearing on October 19, 2012 the court reviewed a psychiatric evaluation prepared by the court-appointed expert, found Chavez competent to stand trial under section 1368, and resumed criminal proceedings. The court also heard and denied Chavez's requests to have new counsel appointed for him under *People v. Marsden* (1970) 2 Cal.3d 118.

On January 30, 2013 Chavez agreed to enter into a negotiated plea of no contest to second degree robbery in count 1 in exchange for a sentence of five years. Chavez then changed his mind and wanted to plead no contest to both count 1 and attempted second degree robbery in count 2 as strikes, in exchange for a state prison sentence of two years, with the remaining count and special allegations dismissed. By doing so, Chavez essentially agreed, against the advice of his attorney, to "take the two strikes for two years" rather than five years in state prison.

---

[1]    All further statutory references are to the Penal Code.

The transcript of the plea hearing establishes that the trial court advised Chavez of his constitutional rights and the consequences of his plea. Chavez waived his constitutional rights and acknowledged that he understood the consequences of his plea. Counsel for Chavez stipulated to a factual basis for the plea. The trial court found that Chavez had knowingly, voluntarily, and intelligently waived his constitutional rights and entered his no contest plea. In accordance with the plea agreement, the court sentenced Chavez to concurrent lower terms of two years for second degree robbery and 16 months for attempted second degree robbery. The trial court ordered Chavez to pay on each count a $40 court operations assessment and a $30 criminal conviction assessment, and it ordered him to pay a $10 crime prevention fine. The court imposed a $240 restitution fine and imposed and suspended a $240 parole revocation fine. The trial court awarded Chavez a total of 250 days of presentence credit (218 actual days and 32 days of conduct credit). The court dismissed the remaining count and special allegations on the People's motion.

Chavez filed a timely notice of appeal. He checked the preprinted boxes indicating his appeal was "based on the sentence or other matters occurring after the plea." He requested but did not obtain a certificate of probable cause.

We appointed counsel to represent Chavez on appeal. After an examination of the record, counsel filed an opening brief raising no issues. On June 28, 2013, we advised Chavez he had 30 days to personally submit any contentions or issues he wished us to consider. We have received no response to date.

With respect to potential sentencing or post-plea issues that do not in substance challenge the validity of the plea, we have examined the record and are satisfied that Chavez's attorney has fully complied with the responsibilities of counsel and that there is no arguable issue. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

# DISPOSITION

The judgment is affirmed.

SEGAL. J.[*]

We concur:

WOODS, Acting P. J.

ZELON, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.